ORDER AND DECISION
STACY L. LEEDS. Justice.
On the August 4, 2005 this Article XII employment termination challenge came on for a trial on the merits. After weighing the evidence presented and reviewing the record, this Court finds that Respondent had sufficient cause to terminate Petitioner.
The record reveals that there was conflict in the work place between certain employees at the facility. Petitioner was being transferred to another Cherokee Nation facility. Prior to making the transfer, Petitioner returned to the work place to retrieve certain items from her office. Although there is conflicting testimony whether Petitioner had permission to be at *12 the facility at that time and whether certain items she sought to remove were personal items, there is no doubt from the record that a tenuous situation developed at the workplace. Petitioner was repeatedly asked to leave the facility and refused to do so until local law enforcement was called. Petitioner finally left the facility after an extended time, but the conduct Petitioner exhibited during this time period was disruptive to the business being conducted at the facility.
Petitioner’s conduct was inappropriate and constitutes cause for dismissal, particularly given her supervisory position within the organization. Supervisors can reasonably be held to a higher standard of professionalism. Petitioner’s conduct was not professional under the circumstances.
Petitioner presented testimony that her treatment at the facility was politically motivated and that factions at the workplace created disruptions, lead to her transfer, and created an environment that justified her conduct on the day in question. All workplaces have the potential for conflict between employees, political and otherwise. However, conflict and tension do not justify employee outbursts and disruptions. When Petitioner was asked to leave the facility, she have timely complied and made other arrangements to retrieve her items.
Upon review, the Court denies the Petitioner’s Motion to Reopen the Record. The Court grants the Respondent’s Motion for Substitution of Counsel. In light of these findings, this Court dismissal all Petitioner’s claims against Respondent.
CONCURR I NO: Chief Justice DARELL MATLOCK, Justice DARRELL DOWTY.